UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH TRAN AND XUYEN LIEN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation, as successor in interest for COUNTRYWIDE HOME LOANS INC., also doing business as BAC HOME LOANS SERVICING LP, et al.,<br><br>                    Defendants. | CASE NO. 11cv2784 DMS (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Docket No. 3]** |

      This case comes before the Court on Defendants Bank of America Corporation and Bank of New York Mellon's motion to dismiss Plaintiffs' Complaint. Plaintiffs filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants Defendants' motion.

**I.**

**BACKGROUND**

      Plaintiffs Thanh Tran and Xuyen Lien allege they are the owners of real property located at 4248 Olive Avenue in La Mesa, California. On or about July 18, 2005, Plaintiffs obtained two loans from America's Wholesale Lender ("AWL") to finance the property. Unbeknownst to Plaintiffs, AWL inflated Plaintiffs' income so that Plaintiffs would qualify for the loan. Based on AWL's

/ / /

representations, Plaintiffs believed they could afford the loan, but they could not. As a result, Plaintiffs attempted to refinance or modify the loan, but those attempts were unsuccessful.

On May 20, 2011, Recontrust Company filed a Notice of Default on Plaintiffs' property. On August 23, 2011, Recontrust filed a Notice of Trustee's Sale of the property, which scheduled a sale for November 14, 2011.

Plaintiffs filed the present case in San Diego Superior Court on October 27, 2011. Their Complaint alleges the following claims for relief: (1) breach of contract, (2) declaratory relief, (3) demand for accounting, (4) breach of implied covenant of good faith and fair dealing, (5) rescission/cancellation, (6) quiet title, (7) injunctive relief, (8) intentional infliction of emotional distress, (9) negligent misrepresentation, (10) cancellation of trustee deed upon sale under California Code of Civil Procedure § 3412, (11) unjust enrichment and (12) violation of California Civil Code §§ 1920 and 1921. Defendants Bank of America Corporation and Bank of New York Mellon removed the case to this Court on November 30, 2011. The present motion followed.

## II.

## DISCUSSION

Defendants move to dismiss the Complaint in its entirety. Plaintiffs agree to dismiss of some of their claims.[1] The remaining claims are discussed below.

**A.   Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

///

---

[1] Specifically, Plaintiffs agree to dismiss their claims for bad faith, intentional infliction of emotional distress, cancellation of trustee deed upon sale and unjust enrichment.

1  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**B.     Breach of Contract**

The first claim alleged in this case is for breach of contract. Plaintiffs do not rely on a first party contract with Defendants for this claim, but instead allege they are third party beneficiaries of a contract between Defendants and Fannie Mae, specifically a Servicer Participation Agreement for the Home Affordable Modification Program ("HAMP"). (Compl. ¶¶ 35-41.) Defendants move for dismissal of this claim on the ground that Plaintiffs are not third party beneficiaries of the alleged contract.

A number of courts in the Ninth Circuit have addressed whether borrowers are third party beneficiaries of the HAMP. The overwhelming majority of those courts have held that borrowers are not third party beneficiaries of that government contract. *See*, *e.g.*, *Newell v. Wells Fargo Bank, N.A.*, No. C 10-05138 WHA, 2012 WL 27783, at *7 (N.D. Cal. Jan. 5, 2012); *Dodd v. Federal Home Loan Mortgage Corp.*, No. CIV S-11-1603 JAM EFB PS, 2011 WL 6370032, at *12 (E.D. Cal. Dec. 19, 2011); *Hunter v. CitiMortgage, Inc.*, No. CV 11-01549-PHX-FJM, 2011 WL 4625973, at *2 (D. Ariz. Oct. 5, 2011); *Omega v. Wells Fargo & Co.*, No. C 11-02621 JSW, 2011 WL 4345046, at *4 (N.D. Cal. Sept. 14, 2011); *Ottolini v. Bank of Am.*, No. C-11-0477 EMC, 2011 WL 3652501, at *10 (N.D. Cal. Aug. 19, 2011); *Kim v. Bank of Am.*, No. C11-296 MJP, 2011 WL 3563325, at *3-4 (W.D. Wash. Aug. 11, 2011); *Warner v. Wells Fargo Bank, N.A.*, No. SACV 11-00480 DOC (PLAx), 2011 WL 2470923, at *3 (C.D. Cal. June 21, 2011); *Ward v. Wells Fargo Bank, N.A.*, No. 1:11-CV-0515 OWW SMS, 2011 WL 2458058, at *3-4 (E.D. Cal. June 16, 2011).

Plaintiffs recognize the majority view on this issue, but argue there is a minority view that finds borrowers are third party beneficiaries of this government contract. In support of this argument, Plaintiffs rely on two decisions from this Court, *Huxtable v. Geithner*, Case Number 09cv1846 BTM (WVG), Docket No. 42, and *Marques v. Wells Fargo Home Mortgage*, Case Number 09cv1985 L

1  (RBB), Docket No. 14.[2] *Huxtable*, however, is inapposite to this case. There, the plaintiffs alleged a
2  claim for violation of their Fifth Amendment rights, and the issue before the Court was whether the
3  defendants were engaged in government action. The court did not address the issue here, namely
4  whether the plaintiffs were third party beneficiaries of a government contract. *Marques* addressed that
5  issue, and found the plaintiff was entitled to claim third party beneficiary status, but that decision
6  appears now to be the minority view in the Ninth Circuit. Given the trend away from *Marques*, and
7  finding the reasoning of the majority view persuasive, this Court finds Plaintiffs are not intended third
8  party beneficiaries of the HAMP. Accordingly, the Court grants Defendants' motion to dismiss this
9  claim.

**C.     Declaratory Relief**

Plaintiffs' second claim is for declaratory relief. Specifically, Plaintiffs assert the anticipated foreclosure sale of their home would violate "Federal HOLA provisions, Federal Mortgage Assistance Programs in effect, TILA provisions, and the State of California mortgage assistance programs." (Compl. at 11.) Defendants argue Plaintiffs have failed to allege claims under the relevant statutes, therefore their declaratory relief claim should be dismissed. The Court agrees with Defendants, and thus grants the motion to dismiss this claim.

**D.     Accounting**

Plaintiffs' third claim is for an accounting. Defendants argue this claim should be dismissed because Plaintiffs have failed to plead the necessary elements of an accounting claim. To state a claim for an accounting, Plaintiffs must state facts showing circumstances that require an accounting in equity and that "some balance is due the plaintiff." *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950). Here, Plaintiffs have not alleged that any balance is due to them. Moreover, an accounting claim is not a vehicle to determine liability. *Fairbairn v. Fairbairn*, 194 Cal. App.2d 501, 513 (1961) (plaintiff only entitled to an accounting if there is fraud). Accordingly, the Court grants the motion to dismiss this claim.

/ / /

---

[2] Although Plaintiffs do not cite the case, this Court also found borrowers are third party beneficiaries of the HAMP. *See Reyes v. Saxon Mortgage Services, Inc.*, Case Number 09cv1366 DMS (WMC), Docket No. 18.

1  ///

2  **E.    Rescission/Cancellation**

3  Plaintiffs' fifth claim is for rescission/cancellation. Defendants move to dismiss this claim on
4  the ground that rescission and cancellation are remedies, not claims for relief. This Court agrees. *See*
5  *Warren v. Merrill*, 143 Cal. App. 4th 96, 115 (2006) (describing cancellation as remedy); *Nakash v.*
6  *Superior Court*, 196 Cal. App. 3d 59, 70 (1987) ("Rescission is *not* a cause of action; it is a remedy.")
7  Accordingly, the Court grants Defendants' motion to dismiss this claim.[3]

8  **F.    Quiet Title**

9  Plaintiffs' sixth claim is for quiet title. Defendants move to dismiss this claim on the grounds
10 it is a claim for declaratory relief in disguise, and Plaintiffs have failed to tender the amount owed. The
11 Court agrees with the latter argument, *see Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled
12 in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt
13 secured."), and therefore grants the motion to dismiss this claim.

14 **G.    Negligent Misrepresentation**

15 Plaintiffs' ninth claim is for negligent misrepresentation. Defendants move to dismiss this claim
16 on the ground it fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b).
17 Defendants are correct that this claim is subject to the requirements of Rule 9(b), *Neilson v. Union Bank*
18 *of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003), and the Court agrees that the Complaint
19 does not satisfy those requirements. Accordingly, the Court grants Defendants' motion to dismiss this
20 claim.

21 **H.    California Civil Code §§ 1920 and 1921**

22 Plaintiffs' final claim is for violation of California Civil Code §§ 1920 and 1921. Defendants
23 move to dismiss this claim on the grounds it is time-barred, Defendants are not lenders and thus are not
24 subject to the statute, and there is no private right of action for violation of these statutes. The Court
25 agrees with the latter argument. *See Nelmida v. Flagstar Bank, FSB*, No. C-11-01580 RMW, 2012 WL
26 10150, at *5 (N.D. Cal. Jan. 2, 2012) (finding no authority supporting private right of action under §

---

[3] For the same reason, the Court grants Defendants' motion to dismiss Plaintiffs' seventh claim for injunctive relief. *See Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) (stating injunctive relief is remedy, not a cause of action).

1920); *Dorado v. Shea Homes Ltd. Partnership*, No. 1:11-cv-01027 OWW SKO, 2011 WL 3875626, at *15 (E.D. Cal. Aug. 31, 2011) (finding §§ 1920 and 1921 do not provide for private rights of action). Accordingly, the Court grants Defendants' motion to dismiss this claim.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants Defendants' motion to dismiss. In accordance with Plaintiffs' request, Plaintiffs are granted leave to amend their claims for declaratory relief, accounting, quiet title, and negligent misrepresentation to cure the pleading deficiencies set out in this Order. The remainder of Plaintiffs' claims are dismissed with prejudice and without leave to amend. Plaintiffs are cautioned that if their First Amended Complaint does not cure these deficiencies, their remaining claims will be dismissed with prejudice and without leave to amend. The First Amended Complaint shall be filed on or before March 26, 2012.

**IT IS SO ORDERED**.

DATED: March 12, 2012

_____

HON. DANA M. SABRAW
United States District Judge